**PORTER HEDGES LLP**
Eric M. English
State Bar No. 24062714
Katelin E. Cox
State Bar No. 24060533
1000 Main Street, 36th Floor
Houston, Texas 77002-2764
Telephone: (713) 226-6000
Email: eenglish@porterhedges.com
Email: kcox@porterhedges.com

*Counsel for the Liquidation Trustee of the
Liquidating Trust of TPP Acquisition, Inc.*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| TPP ACQUISITION, INC. d/b/a The Picture People. | : | Case No. 16-33437-hdh-11 |
| | : | |
| Debtor. | x | |
| | : | |
| LIQUIDATION TRUSTEE FOR THE LIQUIDATION TRUST for TPP ACQUISITION, INC., | : | Adv. Pro. No __-____ |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| P G & E | : | |
| | : | |
| Defendant. | x | |

**COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, AND 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502**

The Liquidation Trustee for the Liquidation Trust for TPP Acquisition, Inc. ("Plaintiff"), by his undersigned attorneys, files this complaint (the "Complaint") against P G & E (the "Defendant"), and in support thereof alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff seeks to avoid and recover from Defendant, or from any other person or entity for whose benefit the transfers were made, all preferential transfers of property that occurred during the ninety (90) day period prior to the commencement of the Chapter 11 case of TPP Acquisition, Inc. (the "Debtor") pursuant to sections 547 and 550 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2. In addition, Plaintiff seeks to disallow, pursuant to sections 502(d) and (j) of the Bankruptcy Code, any claim that Defendant has filed or asserted against the Debtor or that has been scheduled for Defendant. Plaintiff does not waive but hereby reserves all of its rights and the rights of the Debtor to object to any such claim for any reason, including, but not limited to, any reason set forth in sections 502(a) through (j) of the Bankruptcy Code.

## JURISDICTION AND VENUE

3. This court has subject matter jurisdiction over this adversary proceeding, which arises under, arises in and relates to the Debtor's above-captioned chapter 11 case, pursuant to 28 U.S.C. §§ 157 and 1334(b).

4. The statutory and legal predicates for the relief sought herein are sections 502, 547, and 550 of the Bankruptcy Code and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

5. This adversary proceeding is a "core" proceeding to be heard and determined by the Court pursuant to 28 U.S.C. § 157(b)(2) and the Court may enter final orders for matters contained herein.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1409 because the Debtor's Chapter 11 case is pending in the Northern District of Texas.

7. Plaintiff consents to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## PROCEDURAL BACKGROUND

8. On September 2, 2016 (the "Petition Date"), TPP Acquisition, Inc., the debtor and debtor-in-possession in the above captioned bankruptcy proceeding, filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division.

9. On or about April 20, 2017, the Court entered its Confirmation Order,[1] pursuant to which the Court confirmed The Debtor's and Official Committee of Unsecured Creditors' Second Amended Joint Plan of Liquidation of the Debtor and the Committee Under Chapter 11 of the Bankruptcy Code (Final Version) [D.I. 545] (the "Plan"). The Plan is a liquidating plan, and provides for the transfer of all or substantially all of the Debtor's assets, including the Avoidance Actions[2] (as defined in the Plan) to a liquidation trust (the "Liquidation Trust") for the benefit of the Debtor's creditors.

---

[1] The Confirmation Order was signed on April 19, 2017.

[2] Capitalized terms used but not otherwise defined herein, shall have the meanings ascribed to such terms in the Plan.

10. On May 25, 2017—the effective date of the Plan (the "Effective Date")—the Liquidation Trust was established, and the Liquidation Trustee took control of the trust assets, including the Avoidance Actions.

## THE PARTIES

11. Pursuant to the Plan, Confirmation Order and the Liquidation Trust Agreement, Plaintiff is authorized and has standing among other things, to commence, prosecute, and compromise this cause of action.

12. Upon information and belief, Defendant may be served at P G & E, 77 Beale Street, San Francisco, CA 94177.

## FACTUAL BACKGROUND

13. Upon information and belief, during the 90 day period prior to the Petition Date (the "Preference Period"), the Debtor made transfers (the "Avoidable Transfers") to the Defendant on the dates, and in the amounts, listed on **Exhibit A**, which is expressly incorporated by reference into the Complaint.

14. During the course of this proceeding, Plaintiff may learn of additional transfers made to Defendant during the Preference Period. It is Plaintiff's intention to avoid and recover all transfers made by the Debtor of an interest of the Debtor in property and to or for the benefit of Defendant or any other transferee. Plaintiff reserves its right to amend this original Complaint to include: (i) further information regarding the Transfer(s), (ii) additional transfers, (iii) modifications of and/or revision to Defendant's name, (iv) additional defendants, and/or (v) additional causes of action (e.g., but not exclusively, 11 U.S.C. §§ 542, 544, 545, and/or 549) (collectively, the "Amendments"), that may become known to Plaintiff at any time during this

adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

### COUNT I – TO AVOID PREFERENTIAL TRANSFERS PURSUANT TO SECTION 547(b) OF THE BANKRUPTCY CODE

15. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 14 as if fully set forth herein.

16. Pursuant to section 547(b) of the Bankruptcy Code, a debtor in possession may avoid any transfer of an interest of the debtor in possession in property (a) to or for the benefit of a creditor, (b) for or on account of an antecedent debt owed by the debtor in possession before such transfer was made, (c) made while the debtor in possession was insolvent, (d) made on or within 90 days, or in certain circumstances within one year, before the filing of the petition, and (e) that enables such creditor to receive more in satisfaction of its claims than it would receive in a case under chapter 7 of the Bankruptcy Code if the transfer had not been made.

17. During the 90 day period prior to the Commencement Date (the "Preference Period"), the Debtor made the Avoidable Transfers to the Defendant on the dates, and in the amounts, listed on **Exhibit A**.

18. Each of the Avoidable Transfers was made from an account of the Debtor and constituted a transfer of an interest in property of the Debtor as identified in **Exhibit A**.

19. The Avoidable Transfers were made to or for the benefit of Defendant, a creditor of the Debtor.

20. The Avoidable Transfers were for or on account of antecedent debts owed by the Debtor to Defendant before such transfers were made.

21. The Avoidable Transfers were made at a time when the Debtor were insolvent. Plaintiff is entitled to the presumption of insolvency for each Transfer made during the Preference

5

Period pursuant to 11 U.S.C. § 547(f). Each of the Avoidable Transfers was made during the Preference Period, as set forth in **Exhibit A**.

22. The Avoidable Transfers enabled the Defendant to receive more in satisfaction of its claim against the Debtor than it would have received in a case under chapter 7 of the Bankruptcy Code had the payment not been made. As evidenced by the Debtor's schedules filed in the underlying bankruptcy case as well as the proofs of claim that have been received to date, the Debtor's liabilities exceed their assets to the point that unsecured creditors will not receive a full payout of their claims from the Debtor's bankruptcy estate.

23. By reason of the foregoing, Plaintiff is entitled to an order and judgment under section 547 of the Bankruptcy Code avoiding the Avoidable Transfers.

**COUNT II – TO RECOVER AVOIDED TRANSFERS
PURSUANT TO SECTION 550(a) OF THE BANKRUPTCY CODE**

24. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 23 as if fully set forth herein.

25. Defendant was the initial transferee of the Avoidable Transfers or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Avoidable Transfers were made.

26. Plaintiff is entitled to recover from Defendant the Avoidable Transfers pursuant to section 550(a) of the Bankruptcy Code, to the extent they are avoided pursuant to section 547 of the Bankruptcy Code, plus interest thereon to the date of payment and the costs of this action.

**COUNT III – DISALLOWANCE OF CLAIMS
PURSUANT TO SECTIONS 502(d) and (j) OF THE BANKRUPTCY CODE**

27. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 26 as if fully set forth herein.

28. Defendant is a transferee of transfers avoidable under section 547 the Bankruptcy Code, which property is recoverable under section 550 of the Bankruptcy Code.

29. Defendant has not paid the amount of the Avoidable Transfers, or turned over such property, for which Defendant is liable under 11 U.S.C. § 550.

30. Pursuant to 11 U.S.C. § 502(d), any and all claims of Defendant and/or its assignee, against the Debtor's chapter 11 estate must be disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of the Avoidable Transfers, plus interest thereon and costs.

31. Pursuant to 11 U.S.C. § 502(j), any and all claims of Defendant, and/or its assignee, against the Debtor's Chapter 11 estate previously allowed against the Debtor, must be reconsidered and disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of the Avoidable Transfers.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment against Defendant granting the following relief:

    A. On Plaintiff's First and Second Claims for Relief, judgment in favor of Plaintiff and against Defendant, avoiding all of the Avoidable Transfers and directing Defendant to return to Plaintiff the amount of the Avoidable Transfers, pursuant to 11 U.S.C. §§ 547(b) and 550(a), plus interest from the date of demand at the maximum legal rate and to the fullest extent allowed by applicable law, together with the costs and expenses of this action including, without limitation, attorneys' fees;

    B. On Plaintiff's Third Claim for Relief, judgment in favor of Plaintiff and against Defendant disallowing any claims held or filed by Defendant against the Debtor

until Defendant returns the Avoidable Transfers to Plaintiff pursuant to 11 U.S.C. § 502(d) and (j); and

C. Granting Plaintiff such other and further relief as this Court may deem just and proper.

Dated: September 1, 2018.

Respectfully Submitted,

**PORTER HEDGES LLP**

/s/   Eric M. English

Eric M. English
State Bar No. 24062714
Katelin E. Cox
State Bar No. 24105752
Porter Hedges LLP
1000 Main Street, 36th Floor
Houston, Texas   77002-2764
Telephone:  (713) 226-6000
Facsimile:  (713) 226-6255
eenglish@porterhedges.com
kcox@porterhedges.com

**COUNSEL FOR THE LIQUIDATION TRUSTEE FOR LIQUIDATION TRUST FOR TPP ACQUISITION, INC.**